IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JANET M. SAMPLES, Individually, and on
Behalf of the Wrongful Death Heirs of
IZMA E. McDONALD and on Behalf of the
Beneficiaries of the Estate of IZMA E. McDONALD                    PLAINTIFF

vs.                                                    CIVIL ACTION NO.: 3:07CV157-A-A

VANGUARD HEALTHCARE, LLC; VANGUARD OF
ASHLAND d/b/a BRIARCREST EXTENDED CARE,
KELLY FESMIRE, Former Administrator; VANGUARD
HEALTHCARE MANAGEMENT SERVICES, LLC;
VANGUARD HEALTHCARE HOLDINGS, LLC;
ASHLAND ASSOCIATES 91, INC.; VANGUARD
HEALTHCARE SERVICES, INC.;
John Does A-Z; Unidentified Entities A-Z                           DEFENDANTS

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendants Vanguard of Ashland d/b/a Briarcrest Extended Care; Vanguard Healthcare Management Services, LLC; Ashland Associates 91, Inc. and Vanguard Healthcare Services, LLC (collectively, the "Vanguard Defendants") file this Notice of Removal of this action from the Circuit Court of Benton County, Mississippi, to the United States District Court for the Northern District of Mississippi, Western Division. In support of its Notice of Removal, Vanguard states as follows:

1. The Plaintiff filed her Amended Complaint in the case styled, *Janet M. Samples, Individually and on Behalf of the Wrongful Death Heirs of Izma E. McDonald and on Behalf of the Beneficiaries of the Estate of Izma E. McDonald v. Vanguard Healthcare, LLC, et. al.,* Cause No. B2007-032, on October 8, 2007, in the Circuit Court of Benton County, Mississippi. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all pleadings served on the Vanguard Defendants are attached as Exhibit "A." On November 8, 2007, the Plaintiff served

the first two Defendants, Vanguard of Ashland d/b/a Briarcrest Extended Care and Ashland Associates 91, Inc. with service of process. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

2. This lawsuit arises over the care and treatment received by the decedent, Izma E. McDonald, while she was a resident at Briarcrest Extended Care in Ashland, Mississippi. The Plaintiff seeks to hold the Vanguard Defendants liable for negligence, negligence per se, and gross negligence, and she has asserted "survival claims" against the Defendants for the purported pain and suffering experienced by Ms. McDonald while a resident at the nursing home. The Plaintiff claims that the negligence of the Vanguard Defendants caused the death of Ms. McDonald. The Plaintiff also asserts negligence claims and a fraud claim against Kelly Fesmire, a former administrator at Briarcrest Extended Care. The Plaintiff also seeks punitive damages.

## GROUNDS FOR REMOVAL

3. The Plaintiff is a resident of Mississippi, and all of the Vanguard Defendants are Tennessee companies with their principal places of business in Tennessee. Thus, between the Plaintiff and the Vanguard Defendants complete diversity of citizenship exists.

4. The Complaint further alleges that Ms. Fesmire is a resident of Mississippi. However, Ms. Fesmire and the claims against her have been improperly joined in this civil action to defeat the exercise of federal jurisdiction over the separate independent claims asserted against the Vanguard Defendants.

5. To establish improper joinder of Ms. Fesmire, the Vanguard Defendants must show either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

2

6. The Plaintiff asserts claims of negligence, negligence per se, fraud, survival and gross negligence against Ms. Fesmire. Mississippi law, however, is clear that Ms. Fesmire cannot be held liable as an administrator for the subject facility. *Mariner Health Care, Inc. v. Estate of Edwards*, 964 So.2d 1138, 1156 (Miss. 2007) ("nursing home licensees and administrators owe duties to their employers, but ... owe no common-law or statutory duty to the residents of the home"); *Howard v. Estate of Harper*, 947 So.2d 854, 861 (Miss. 2006) (dismissing plaintiff's claim against the defendant nursing home administrator for failing to properly plead a fraud claim). As a result, there is no possibility that the Plaintiff can recover against Ms. Fesmire for any of the claims asserted against her.

7. Because the Plaintiff has no possibility of recovery against the non-diverse Defendant, Ms. Fesmire, the Court should ignore the citizenship of Ms. Fesmire for the purpose of determining diversity. *See Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 (5th Cir. 2000) (recognizing that the court must disregard the citizenship of an improperly joined defendant for jurisdictional purposes), *Berden v. General Dynamics Corp.*, 60 F.3d 213, 215 (5th Cir. 1995); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995). Therefore, complete diversity exists among the properly joined defendants and the Plaintiff.

8. Furthermore, since the Plaintiff is seeking recovery for wrongful death and survival claims, it is clear that the amount in controversy exceeds $75,000.00. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (finding complaint for wrongful death to be facially apparent for damages exceeding amount-in-controversy requirement).

9. Because complete diversity exists and because the amount in controversy is satisfied, subject matter jurisdiction is proper in this Court under § 1332, making this removal proper. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

JM BCM 541214 v1
2825932-000059 11/30/2007

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Mississippi, Western Division, is the district in which the state court action was filed. *See* 28 U.S.C. § 104(A)(2). Vanguard has today filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Benton County, Mississippi, pursuant to 28 U.S.C. § 1446(d).

THIS the 30th day of November, 2007.

                    Respectfully submitted,

                    DEFENDANTS, VANGUARD OF ASHLAND,
                    d/b/a BRIARCREST EXTENDED CARE,
                    VANGUARD HEALTHCARE MANAGEMENT
                    SERVICES, LLC, ASHLAND ASSOCIATES 91,
                    INC. and VANGUARD HEALTHCARE
                    SERVICES, LLC

                    By Their Attorneys
                    BAKER, DONELSON, BEARMAN, CALDWELL
                    & BERKOWITZ, PC

                    BY: /s/ W. Davis Frye
                           W. DAVIS FRYE

W. Davis Frye (MSB# 10671)
Brad C. Moody (MSB# 101628)
BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, P.C.
4268 I-55 North
Meadowbrook Office Park
Jackson, MS 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## CERTIFICATE OF SERVICE

I certify that I have this day forwarded by U.S. Mail, postage prepaid, a true and correct copy of the foregoing *Notice of Removal* to the following:

>Andy Stewart
>Durwood McGuffee, Jr.
>Stewart & McGuffie Law Firm, PLLC
>557 Grants Ferry Road
>Brandon, MS  39047

THIS the 30th day of November, 2007.

By: _____
W. DAVIS FRYE

JM BCM 541214 v1
2825932-000059 11/30/2007