## IN THE CIRCUIT COURT OF BENTON COUNTY, MISSISSIPPI

JANET M. SAMPLES, INDIVIDUALLY, AND ON
BEHALF OF THE WRONGFUL DEATH HEIRS OF
IZMA E. MCDONALD AND ON BEHALF OF THE
BENEFICIARIES OF THE ESTATE OF IZMA E. MACDONALD  PLAINTIFF

VS.               NO:B2007-032

VANGUARD HEALTHCARE, LLC, VANGUARD of ASHLAND,
d/b/a BRIARCREST EXTENDED CARE,
KELLY FESMIRE, FORMER ADMINISTRATOR,
VANGUARD HEATHCARE MANAGEMENT SERVICES, LLC,
VANGUARD HEALTHCARE HOLDINGS, LLC,
ASHLAND ASSOCIATES 91, INC.,
VANGUARD HEALTHCARE SERVICES INC.,
JOHN DOES A-Z, UNIDENTIFIED ENTITIES A-Z    DEFENDANTS

### AMENDED COMPLAINT
### JURY TRIAL REQUESTED

COMES NOW plaintiff, Janet M. Samples, individually, and on behalf of the Wrongful

Death Heirs of Izma E. McDonald and on behalf of the Beneficiaries of the Estate of Izma E.

McDonald, by and through counsel, Stewart and McGuffee, and for her cause of action against

the above-named defendants, Vanguard Healthcare, LLC, Briarcrest Extended Care, Kelly

Fesmire, Vanguard Healthcare Management Services, LLC, Vanguard Healthcare Holdings,

LLC, Ashland Associates 91, Vanguard Health Care Services, Inc., John Does A-Z and

Unidentified Entities A-Z.

### JURISDICTIONAL STATEMENT

1.  Janet M. Samples, is the natural daughter of Izma E. McDonald, and brings this

action individually and on behalf of the wrongful death heirs of Izma E. McDonald and the

Estate of Izma E. McDonald, and pursuant to Mississippi law.





BENTON COUNTY

FILED

OCT 0 8 2007

_Martha Mitchell_ Clerk
_____Dep. Clerk



2.      Izma E. McDonald was a resident of Briarcrest Extended Care, a skilled nursing facility located in Ashland, Benton County, Mississippi, from August 9, 2002 through July 23, 2005.

3.      Vanguard Healthcare, LLC, is a Tennessee limited liability company, is believed to be the parent company of Vanguard of Ashland and may be served with process upon its registered agent, Kirk Hebert, at Six Cadillac Drive., Suite 310, Brentwood, Tennessee 37027.

4.      Vanguard of Ashland d/b/a Briarcrest Extended Care "hereinafter Briarcrest", is a foreign limited liability company, was at all times pertinent hereto a nursing home licensed by the state of Mississippi and within the meaning of the Mississippi statute, and was and remains engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment.  Service may be obtained upon its Registered Agent, National Registered Agents, Inc., at 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201.

5.      Kelly Fesmire was formerly at all times material hereto the nursing home administrator of Vanguard of Ashland, d/b/a Briarcrest Extended Care, who may be served with process at her place of residence.

6.      Vanguard Healthcare Management Services, LLC is a Tennessee limited liability company, and may be served with process upon its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232

7.      Vanguard Healthcare Holdings, LLC, is a Tennessee limited liability company, and be served with process upon its registered agent, Kirk Hebert, Six Cadillac Drive, Suite 310, Brentwood, Tennessee.



BENTON COUNTY
**FILED**
OCT 0 8 2007
*martha mitchell* Clerk
_____Dep. Clerk

2

8.     Ashland Associates 91, Inc. is a foreign business corporation who may be served with process at National Registered Agents, Inc., 840 Trustmark Building, 248 East Capitol Street, Jackson, Mississippi 39201.

9.     Vanguard Healthcare Services, Inc., is a Tennessee limited liability company, and may be served with process upon its registered agent, Kirk Hebert, Six Cadillac Drive, Suite 310, Brentwood, Tennessee.

10.    Defendants, John Does A through Z, who are licensees, owners, administrators, physicians and other health care providers are individuals who plaintiffs are unable to currently identify despite diligent efforts. Said defendants are named pursuant to Miss. R. Civil Procedure 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious act and/or omissions of others with respect to the care and treatment of Izma E. McDonald during her residency at Briarcrest Extended Care.

11.    Defendants, Unidentified Entities A through Z, are entities who plaintiff is unable to currently identify despite diligent efforts. Said defendants are named pursuant to Mississippi Rules of Civil Procedure 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of Izma E. McDonald during her residency at Briarcrest Extended Care. Alternatively, said defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of Izma E. McDonald during her residency at Briarcrest Extended Care.

12.    At all times material hereto, defendants owned, operated, managed and/or controlled Briarcrest Extended Care in Ashland, Mississippi. The acts of each of the defendants' servants, agents and employees as set forth herein, are imputed to Vanguard Healthcare, LLC, Briarcrest Extended Care, Kelly Fesmire, Vanguard Healthcare Management Services, LLC,

BENTON COUNTY

**FILED**

OCT 0 8 2007

*Martha Mitchell* Clerk

_____Dep. Clerk

3

Vanguard Healthcare Holdings, LLC, Ashland Associates 91, Vanguard Health Care Services, Inc., John Does A-Z and Unidentified Entities A-Z.

13.     Jurisdiction of this court is proper in the Benton County Circuit Court, in that the amount in controversy, exclusive of interest and costs, far exceeds the minimum jurisdictional limits of this court.

## FACTUAL SUMMARY

14.     On or about August 5, 2002, Izma E. McDonald was admitted to Briarcrest Extended Care, and she remained a resident of the nursing home until August 2, 2005.

15.     Defendants were well aware of Izma E. McDonald's medical conditions and the care that she required when they represented that they could adequately care for her needs.

16.     Defendants held themselves out as being:

   a.   Skilled in the performance of nursing, rehabilitative and other medical support services;

   b.   Properly staffed, supervised, and equipped to meet the total needs of its nursing home residents;

   c.   Able to specifically meet the total nursing home, medical, and physical therapy needs of Izma E. McDonald and other residents like her; and

   d.   Licensed and complying on a continual basis with all rules, regulations, and standards established for nursing homes, nursing home licensees and nursing home administrators.

17.     Defendants failed to discharge their obligations of care to Izma E. McDonald.  As a consequence thereof, Izma E. McDonald suffered catastrophic injuries, disfigurement, extreme pain, suffering, mental anguish and death.  The scope and severity of the recurrent wrongs

4



BENTON COUNTY
FILED
OCT 0 8 2007
Martha Mitchell Clerk

inflicted upon Izma E. McDonald while under the care of the facility accelerated the

deterioration of her health and physical condition beyond that caused by the normal aging

process and resulted in physical condition beyond that caused by the normal aging process and

resulted in physical and emotional trauma which includes, but is not limited to:

    a.  Decubitus Ulcers;
    b.  Malnutrition;
    c.  Dehydration;
    d.  Injuries resulting from falls;
    e.  Urinary tract infections;
    f.  Infections;
    g.  Contractures;
    h.  Sepsis;
    i.  Azotemia; and
    j.  Pneumonia

18.    All of the above identified injuries, as well as the conduct specified below, caused

Izma E. McDonald to lose her personal dignity and caused extreme and unnecessary pain;

degradation, anguish, otherwise unnecessary hospitalizations, disfigurement, emotional trauma

and untimely death.

19.    Plaintiff alleges that on all of the occasions complained of herein, Izma E.

McDonald, was under the care, supervision, and treatment of the agents and/or employees of

defendants and that the injuries complained of herein were proximately caused by the acts and

omissions of defendants named herein.

20.    Defendants had vicarious liability for the acts and omissions of all persons or

entities under defendants' control, either directly or indirectly, including its employees, agents,

consultants, and independent contractors, whether in-house or outside entities, individuals,

agencies, or pools causing or contributing to the injuries of Izma E. McDonald.



BENTON COUNTY
**FILED**

OCT 0 8 2007

*Martha Mitchell* Clerk

_____Dep. Clerk

5

## DEFINITIONS

21.    That Briarcrest Extended Care is a "skilled nursing facility" as defined in Section 41-7-173 of the Mississippi Code Annotated, and as defined by paragraph 102.2 of the Minimum Standards of Operation for Institution for the Aged or Infirm as promulgated by the Mississippi State Department of Health and as defined by 42 C.F.R. 483 et. seq., commonly referred to as the Omnibus Budget Reconciliation Act (OBRA).

22.    The defendant, Briarcrest Extended Care, is an "institution for the aged or infirm" as defined by Section 43-11-1 and as defined by paragraph 102.1 of the Minimum Standards of Operation for Institution for the Aged & Infirm as promulgated by the Mississippi State Department of Health.

23.    The defendant is a "nursing facility" as defined by 42 U.S.C.A. 1396(r) relating to the requirements for nursing homes.

24.    The defendants, Vanguard Healthcare, LLC, Briarcrest Extended Care, Kelly Fesmire, Vanguard Healthcare Management Services, LLC, Vanguard Healthcare Holdings, LLC, Ashland Associates 91, Vanguard Health Care Services, Inc., John Does A-Z and Unidentified Entities A-Z held themselves out as a specialist in the field of adult nursing care, with the expertise necessary to maintain the health, and safety of persons unable to care adequately for themselves.

**COUNT ONE: NEGLIGENCE AGAINST VANGUARD HEALTHCARE, LLC, VANGUARD OF ASHLAND, d/b/a BRIARCREST EXTENDED CARE, KELLY FESMIRE, VANGUARD HEATHCARE MANAGEMENT SERVICES, LLC, ASHLAND ASSOCIATES 91, INC., VANGUARD HEALTHCARE SERVICES, LLC, JOHN DOES A-Z AND UNIDENTIFIED ENTITIES A-Z**

BENTON COUNTY

**FILED**

OCT 0 8 2007

*Martha Mitchell* Clerk

_____Dep. Clerk

6

25.     The plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 24 as if set forth herein.

26.     Defendants owed a duty to residents, including Izma E. McDonald, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

27.     Defendants' employees owed a duty to residents, including Izma E. McDonald, to exercise reasonable care in providing care and services in a safe and beneficial manner.

28.     Defendants breached their duty by failing to deliver care and services that a reasonably careful person would have provided under similar circumstances and by failing to prevent the mistreatment, abuse and neglect of Izma E. McDonald.

29.     The negligence of the defendants, their employees, agents and consultants, includes, but is not limited to, one or more of the following acts and omissions:

        a)      The failure to provide Izma E. McDonald with adequate fluid intake to prevent dehydration or adequate nutritional intake to prevent malnutrition;

        b)      The failure to provide adequate turning and repositioning of Izma E. McDonald in order to provide pressure relief so as to prevent bruises and skin tears, contractures, infections, and decubitus ulcers;

        c)      The failure to provide even the minimum number of staff necessary to assist the residents with their needs;

        d)      The consistent failure of nursing home personnel to clean and bathe Izma E. McDonald, and to change soiled bed linens, resulting in Izma E. McDonald spending significant time lying in her urine and feces;

        e)      The failure to protect Izma E. McDonald from harm within the facility;

7



BENTON COUNTY
FILED

OCT 0 8 2007

martha mitchell Clerk
_____Dep. Clerk

f)      The failure to respond to significant signs and symptoms of change in the conditions of Izma E. McDonald;

g)      The failure to provide Izma E. McDonald with required medical treatment to prevent urinary tract infections, and other infections;

h)      The failure to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of Izma E. McDonald;

i)      The failure to maintain appropriate records, including obvious failure to monitor and document significant changes in Izma E. McDonald's conditions;

j)      The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of Izma E. McDonald;

k)      The failure to increase the number of personnel to ensure that Izma E. McDonald:

      1)      received timely and accurate care assessments;

      2)      received prescribed treatment, medication and diet;

      3)      received necessary supervision; and

      4)      received timely intervention due to a significant change in condition.

l)      The failure to provide nursing personnel sufficient in number, to ensure that Izma E. McDonald attained and maintained her highest level of physical, mental and psychological well-being;

m)      The failure to provide adequate supervision to the nursing staff so as to ensure that Izma E. McDonald received adequate and proper nutrition, fluids, therapeutic diet,

8

BENTON COUNTY
FILED
OCT 0 8 2007
Martha Mitchell Clerk
Dep Clerk

sanitary care treatments and medications, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical conditions of Izma E. McDonald;

n) The failure to adequately assess, evaluate and supervise nursing personnel so as to ensure that Izma E. McDonald received appropriate nursing care, in accordance with defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the Mississippi Department of Health and its agents; including the Office of Licensing and Certification;

o) The failure to provide a nursing staff that was properly staffed, qualified and trained;

p) The failure to provide and ensure an adequate nursing care plan for the plaintiff based on the needs of Izma E. McDonald, respectively;

q) The failure to provide and ensure an adequate nursing care plan revisions and modifications as the needs of Izma E. McDonald changed;

r) The failure to implement and ensure that an adequate nursing care plan for Izma E. McDonald was followed by nursing personnel;

s) The failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by employees, irrespective of whether such complaint derived from a state survey agency, a resident of said facility, an employee of the facility or any interested person;

t) The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

u) The failure to provide Izma E. McDonald with adequate and appropriate

BENTON COUNTY
**FILED**
OCT 0 8 2007
*Martha Mitchell* Clerk
_____ Dep. Clerk

9

observation and examination following an injury so as to timely and adequately provide appropriate emergency medical care;

     v)     The failure to properly an timely notify Izma E. McDonald's attending physician of significant changes in Izma E. McDonald's physical condition, to wit: the development of infections, dehydration, malnutrition, urinary tract infections, decubitus ulcers, sepsis, azotemia, pneumonia, contractures, and injuries as a result of falls, and persistent, unresolved problems relating to the care and physical condition of Izma E. McDonald resulting in unnecessary pain, agony and suffering on the part of Izma E. McDonald;

     w)     The failure to provide a safe environment;

     x)     The failure to maintain medical records on Izma E. McDonald in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

         1.     the diagnosis of Izma E. McDonald;

         2.     the treatment of Izma E. McDonald; and

         3.     the assessment and establishment of appropriate plans of care and treatment;

     y)     The failure to adequately and appropriately monitor Izma E. McDonald and recognize significant changes in her health status;

     z)     The failure to prevent Izma E. McDonald from developing urinary tract infections and various other infections;

     aa)     the failure to protect Izma E. McDonald from injuries, decubitus ulcers, contractures, malnutrition and dehydration, sepsis, azotemia, and pneumonia.



BENTON COUNTY
**FILED**

OCT 0 8 2007

*Martha Mitchell* Clerk
Dep Clerk

10

bb)     The failure to prevent Izma E. McDonald's personal items from being lost and/or stolen

30.     A reasonably careful nursing home, nursing home licensee, management company and administrator, operating under similar circumstance, would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to Izma E. McDonald.

31.     As a direct and proximate result of the negligence of Defendants as set out above, Izma E. McDonald, suffered injuries, including death, dehydration, malnutrition, infections, urinary tract infections, decubitus ulcers, contractures, sepsis, pneumonia, azotemia, and injuries as a result of falls, and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright, all of which required hospitalization and medical treatment, and all of which required Izma E. McDonald to incur significant hospital and medical expenses.

32.     Wherefore, based on such conduct of defendants as set forth above, plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, disfigurement, and fright in an amount to be determined by the jury, plus costs and all other relief to which plaintiff is entitled by law.

## COUNT TWO: NEGLIGENCE PER SE

33.     The plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 32 set forth herein.

34.     That in addition to the aforementioned negligent acts, the defendants, Vanguard Healthcare, LLC, Briarcrest Extended Care, Kelly Fesmire, Vanguard Healthcare Management Services, LLC, Vanguard Healthcare Holdings, LLC, Ashland Associates, Inc. and Vanguard Health

BENTON COUNTY

FILED

OCT 0 8 2007

Martha Mitchell Clerk
_____Dep. Clerk

11

Care Services, Inc., John Does A-Z and Unidentified Entities A-Z violated the O.B.R.A. Regulations, which establish the "minimum" standard of care to be followed by defendants, Vanguard Healthcare, LLC, Briarcrest Extended Care, Kelly Fesmire, Vanguard Healthcare Management Services, LLC, Vanguard Healthcare Holdings, LLC, Ashland Associates 91, Vanguard Health Care Services, Inc., John Does A-Z and Unidentified Entities A-Z, including, but not limited to:

### (A) 42 C.F.R. Section 483.13(c)(2)

The facility must ensure that all alleged violations involving mistreatment, neglect or abuse, including injuries of unknown source...are reported immediately to the administrator of the facility and to other officials in accordance with State law through established procedures (including to the State Survey and Certification Agency).

### (B) 42 C.F.R. Section 483.25(h):

The facility must ensure that-

(1)     The resident's environment must remain as free of accident hazards as is possible and

(2)     Each resident must receive adequate supervision and assistance devices to prevent accidents;

### (C) 42C.F.R. Section 483.30(a)(1):

The facility must provide services by sufficient number of each of the following types of personnel on a 24-hour basis to provide nursing care to all residents in accordance with resident care plans:

(i)     except when waived under paragraph (c) of this section, licensed nurses; and

BENTON COUNTY
**FILED**
OCT 0 8 2007
_Martha Mitchell_ Clerk
_____ Dep. Clerk

12

    (ii)    Other nursing personnel.

    (D) 42 C.F.R. Section 483.25:

Each resident must receive and the facility must provide, the necessary care and services to attain or maintain the highest practicable physical, mental, and psychological well being, in accordance with the comprehensive assessment;

    (E) 42 C.F.R. Section 483.20(b)(2)(ii):

The facility failed to conduct an assessment after a significant change in resident's condition;

    (F) 42 C.F.R. Section 483.20(k)(1) Comprehensive Care Plans:

The facility must develop a comprehensive care plan that includes measurable objectives and timetables to meet a resident's medical, nursing, mental and psycho-social needs that are identified in the comprehensive assessment. The plan of care must deal with the relationship of items or services ordered to be provided (or withheld) to the facility's responsibility for fulfilling other requirements in these regulations.

    (G) 42 C.F.R. Section 483.25(i):

Based on a resident's comprehensive assessment, the facility must ensure that a resident-

    (1)    Maintain acceptable parameters of nutritional status, such as body weight and protein levels, unless the resident's clinical condition demonstrate that this is not possible; and

    (2)    Receive a therapeutic diet when there is a nutritional problem.

    (H) 42 C.F.R. Section 483.25(c):

Based on a comprehensive assessment of a resident, the facility must ensure that-

BENTON COUNTY
FILED
OCT 0 8 2007
*Martha Mitchell* Clerk
_____Dep. Clerk

(1)     A resident who enters the facility without pressure sores does not develop

pressure sores unless the individual's clinical condition demonstrates that

they were unavoidable; and

(2)     A resident having pressure sores receives necessary treatment and services

to promote healing, prevent infection and prevent new sores from

developing.

<u>(I) 42 C.F.R. Section 483.10(b)(2):</u>

The resident or his or her legal representative has the right-

(i)     Upon oral or written request, to access all records pertaining to herself or

herself including current clinical records within 24 hours (excluding weekends and holidays).

<u>(J) 42 C.F.R. Section 483.25(i):</u>

The facility must provide each resident with sufficient fluid intake to maintain proper

hydration and health.

35.     The above mentioned violations of O.B.R.A. and regulations promulgated by the

Mississippi State Department of Health constitute negligence per se under Mississippi law.

Wherefore, the plaintiff asserts a claim for compensatory and punitive damages as appropriate

under Mississippi law.

### COUNT THREE: MALICE AND/OR GROSS NEGLIGENCE WHICH EVIDENCES A WILLFUL WANTON OR RECKLESS DISREGARD FOR THE SAFETY OF IZMA E. MCDONALD

36.     The plaintiff re-alleges and incorporates the allegations in paragraphs 1 through

35 as if fully set forth herein.



BENTON COUNTY
**FILED**

OCT 0 8 2007

_Martha Mitchell_ Clerk
_____Dep. Clerk

14

37.    The longevity, scope and severity of defendants' failures and actions as heretofore described constitute malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including, Izma E. McDonald. Specifically, such conduct was undertaken by defendants without regard to the health and safety consequences to those residents, such as Izma E. McDonald, entrusted to their care. Moreover, such conduct evidences a complete disregard for their duties of care, good faith, and fidelity owed to Izma E. McDonald.

38.    The malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including Izma E. McDonald, and includes, but is not limited to, one or more of the following acts and omissions:

a)    The failure to provide Izma E. McDonald with adequate fluid and nutritional intake to prevent dehydration and malnutrition;

b)    The failure to provide and ensure that Izma E. McDonald received adequate hygiene and sanitary care to prevent infections;

c)    The failure to provide even the minimum number of staff necessary to assist the residents, specifically Izma E. McDonald, with her needs;

d)    The failure to provide and ensure that Izma E. McDonald received adequate medical treatment to prevent urinary tract infections, contractures and decubitus ulcers, sepsis, azotemia, and pneumonia;

e)    The failure to provide adequate supervision for Izma E. McDonald to protect her from injury within the facility;

f)    The failure to provide proper custodial care, and wound care and to prescribe and administer proper medication to prevent Izma E. McDonald's existing medical conditions to worsen to the point of becoming life-threatening;

BENTON COUNTY
**FILED**
OCT 0 8 2007
*Martha Mitchell* Clerk
_____Dep. Clerk

15

g)      The failure to properly assess Izma E. McDonald for the risk of urinary tract infections, decubitus ulcers, sepsis, azotemia, pneumonia, contractures or injuries from falls;

h)      The failure to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of Izma E. McDonald;

i)      The failure to maintain appropriate records, including obvious failure to monitor and document significant changes in Izma E. McDonald's condition;

j)      The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of Izma E. McDonald;

k)      The failure to increase the number of nursing personnel to ensure that Izma E. McDonald:

      1)      received timely and accurate care assessments;

      2)      received prescribed treatment, medication, and diet;

      3)      received necessary supervision; and

      4)      received timely nursing and medical intervention due to a significant change in condition.

l)      The failure to provide nursing personnel sufficient in number, to ensure that Izma E. McDonald attained and maintained her highest level of physical, mental and psychological well-being;

m)      The failure to provide adequate supervision to the nursing staff so as to ensure that Izma E. McDonald received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments and medications, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical conditions of Izma E. McDonald;

BENTON COUNTY
FILED
OCT 0 8 2007
Martha Mitchell Clerk
_____ Dep. Clerk

16

n)    The failure to adequately assess, evaluate and supervise nursing personnel so as to ensure that Izma E. McDonald received appropriate nursing care, in accordance with defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the Mississippi Department of Health and its agents; including the Office of Licensing and Certification;

o)    The failure to provide a nursing staff that was properly staffed, qualified and trained;

p)    The failure to provide and ensure an adequate nursing care plan based on the needs of Izma E. McDonald;

q)    The failure to provide and ensure an adequate nursing care plan revisions and modifications as the needs of Izma E. McDonald changed;

r)    The failure to implement and ensure that an adequate nursing care plan for Izma E. McDonald was followed by nursing personnel;

s)    The failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by employees, irrespective of whether such complaint derived from a state survey agency, a resident of said facility, an employee of the facility or any interested person;

t)    The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

u)    The failure to provide Izma E. McDonald with adequate and appropriate observation and examination following an injury so as to timely and adequately provide appropriate emergency medical care;

BENTON COUNTY

**FILED**

OCT 0 8 2007

*Martha Mitchell* Clerk

_____ Dep. Clerk

17

v) The failure to provide care, treatment, and medication in accordance with physician's orders;

w) The failure to properly and timely notify Izma E. McDonald's attending physician of significant changes in Izma E. McDonald's physical condition, to wit: the development of infections, dehydration, malnutrition, urinary tract infections, decubitus ulcers, sepsis, azotemia, pneumonia, contractures, and injuries as a result of falls, and persistent, unresolved problems relating to the care and physical condition of Izma E. McDonald resulting in unnecessary pain, agony and suffering on the part of Izma E. McDonald;

x) The failure to provide a safe environment;

y) The failure to maintain medical records on Izma E. McDonald in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

      (A) the diagnosis of Izma E. McDonald;

      (B) the treatment of Izma E. McDonald; and

      (C) the assessment and establishment of appropriate care plans of care and treatment;

z) The failure to adequately and appropriately monitor Izma E. McDonald and recognize significant changes in her health status;

aa) The failure to protect Izma E. McDonald from developing urinary tract infections, other infections, sepsis, azotemia, and pneumonia.

bb) The failure to protect Izma E. McDonald from developing dehydration and malnutrition;

cc) The failure to protect Izma E. McDonald from developing unexplained bruising,



BENTON COUNTY
FILED
OCT 0 8 2007
*Martha Mitchell* Clerk
Don Clark

18

contractures and decubitus ulcers;

dd) The failure to protect Izma E. McDonald from harm within the facility

ee) The failure to prevent Izma E. McDonald's personal items from being lost and/or stolen;

ff) The failure to respond to significant signs and symptoms of change in the condition of Izma E. McDonald;

gg) The failure to properly notify a doctor upon significant changes in Izma E. McDonald's condition; and

hh) The failure to provide adequate therapeutic and rehabilitative services to maintain Izma E. McDonald's mobility and range of motion.

39. As a direct and proximate result of the above cited malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including Izma E. McDonald, she suffered injuries, including death, dehydration, malnutrition, infections, sepsis, urinary tract infections, pneumonia, azotemia, contractures, decubitus ulcers, and injuries resulting from falls, and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright, all of which required hospitalization and medical treatment, and all of which required Izma E. McDonald to incur significant hospital and medical expenses and all of which lead to her untimely death. These all justify the imposition of punitive damages in an amount to be determined by a jury.

40. WHEREFORE, based on such conduct of defendants as set out above, plaintiffs assert a claim for judgment for all compensatory damages and punitive damages against defendants including, but not limited to, medical expenses, physical pain, suffering, mental



19

anguish, disability, loss of enjoyment of life, humiliation, fright and disfigurement in an amount to be determined by the jury, plus costs and all other relief to which plaintiff is entitled by law.

## COUNT FOUR: FRAUD CLAIM AGAINST ADMINISTRATOR KELLY FESMIRE

41.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 40 as set forth herein.

42.     Pursuant to Fed. R. Civ. P. 9(b), and the Mississippi Supreme Court's decision in *Howard v. The Estate of Harper*, plaintiff specifically pleads and avers her fraud claim against Defendant, Kelly Fesmire.

43.     Defendant Kelly Fesmire, while performing her duties as administrator of Briarcrest advised plaintiff, Janet Samples that: the facility would provide excellent care to Ms. McDonald during her stay. She further stated that the facility was fully staffed and would provide excellent care.

44.     Defendant Kelly Fesmire made the above listed statements to plaintiff at the nursing facility during the admission of Ms. McDonald on roughly August 9, 2002.

45.     Defendant Kelly Fesmire knowingly made these false statements to plaintiff to induce her to place her mother in the Briarcrest Extended Care. Defendant Kelly Fesmire knew at the time of these statements that the facility was not being properly staffed to the requisite level to care for the residents.

## COUNT FIVE: SURVIVAL CLAIM AGAINST DEFENDANTS

46.     As a direct and proximate result of the acts or omissions of Defendants as set forth above, Izma E. McDonald suffered mental anguish, extreme physical and mental pain and suffering, and physical injuries which include, but are not limited to: the development of

BENTON COUNTY

**FILED**

OCT 0 8 2007

*Martha Mitchell* Clerk
_____ Dep. Clerk

20

infections, contractures; dehydration, malnutrition, significant weight loss, decubitus ulcers, urinary tract infections, sepsis, azotemia, pneumonia and injuries resulting from a fall.

47.     As a further direct and proximate result of Defendants' conduct, Izma E. McDonald required medical attention and hospitalization, and incurred liability to pay reasonable and necessary charges for such.

## DAMAGES

48.     That defendants, Vanguard Healthcare, LLC, Briarcrest Extended Care, Kelly Fesmire, Vanguard Healthcare Management Services, LLC, Vanguard Healthcare Holdings, LLC, Ashland Associates 91, Vanguard Health Care Services, Inc., John Does A-Z and Unidentified Entities A-Z by the above described acts and/or omissions of negligence, breached a duty of ordinary care and diligence owed to Izma E. McDonald and as a direct result and proximate cause of said breach of duty, Izma E. McDonald sustained injury, pain and damages.

49.     The failure to render the required level of care resulted in the loss of reasonable probability of substantial improvement of Izma McDonald's condition.

50.     That the aforementioned acts of defendants, Vanguard Healthcare, LLC, Briarcrest Extended Care, Kelly Fesmire, Vanguard Healthcare Management Services, LLC, Vanguard Healthcare Holdings, LLC, Ashland Associates 91, Vanguard Health Care Services, Inc., John Does A-Z and Unidentified Entities A-Z were outrageous and performed with willful, wanton and complete disregard of Izma E. McDonald's rights, and in reckless indifference to the rights of others, and specifically, Izma E. McDonald herein, and those acts further shock the conscience of the community.

51.     Plaintiff will further show that Izma E. McDonald fell within the class of persons the statutory rules, regulations and laws were intended to protect, thus entitling plaintiff to adopt

BENTON COUNTY

FILED

OCT 0 8 2007

*Martha Mitchell* Clerk
_____Dep. Clerk

such laws as the standard of care for measuring defendants' conduct. Thus, the plaintiff asserts a claim for negligence per se, asserting that as a matter of law, the conduct of the defendants amounted to negligence and negligence per se.

52.     Plaintiff would show that as a direct and proximate result of the negligence of the defendants, Vanguard Healthcare, LLC, Briarcrest Extended Care, Kelly Fesmire, Vanguard Healthcare Management Services, LLC, Vanguard Healthcare Holdings, LLC, Ashland Associates 91, Vanguard Health Care Services, Inc., John Does A-Z and Unidentified Entities A-Z, that the heirs and beneficiaries have suffered the following injuries and damages:

a)     Loss of the life of Izma E. McDonald;

b)     Loss of society and companionship of Izma E. McDonald to her heirs and beneficiaries and emotional distress for witnessing the suffering and untimely demise of a loved one;

c)     Pain and suffering associated with the above described injuries which were suffered by Izma E. McDonald prior to her death; and

d)     Medical bills and funeral bill of Izma E. McDonald.

## PUNITIVE DAMAGES

53.     Plaintiffs adopt and re-alleges every allegation set forth in paragraphs 1 through 52 above.

54.     That the aforesaid actions of the defendants were willful, wanton, and/or done with such gross negligence and disregard for the safety of the plaintiff as to warrant the imposition of punitive damages.



BENTON COUNTY

OCT 0 8 2007

_Martha Mitchell_ Clerk
_____Dep. Clerk

55.    Plaintiff avers compliance with the pre-suit notice requirement of MCA §15-1-36(15) on March 13, 2007.  Plaintiff attaches hereto a certificate executed by undersigned counsel in compliance with MCA §11-1-58(1)(b) & (4).

## CERTIFICATE

The undersigned attorney has reviewed the facts of the case and is in the process of opening up an estate in Benton County in order to subpoena all of the medical records and nursing home records in this matter.  The undersigned attorney does not have all the necessary medical records for an expert consultation at this time, and due to the time constraints of Miss. Code Ann. § 15-1-36 and the statute of limitations in this matter, it was necessary to file this lawsuit before the expert consultation.  Upon receipt of the medical records and the time allowed by law, the Certificate of Consultation will be timely supplemented.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays for:

(1)    Compensatory damages for injuries and for the wrongful death of Izma E. McDonald.

(2)    Punitive Damages, as may be allowed by law.

(3)    The costs of this action;

(4)    For such other and further relief as the plaintiff may be entitled against these defendants at law or in equity.

RESPECTFULLY SUBMITTED, this the 8th day of September, 2007.

JANET M. SAMPLES, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH HEIRS OF IZMA E. MCDONALD AND ON BEHALF OF THE BENEFICIARIES OF THE ESTATE OF IZMA E. MCDONALD

BY: _____
ANDY STEWART, ESQ.
MS BAR #8884
DURWOOD MCGUFFEE, JR.
MS BAR #100131

BENTON COUNTY
**FILED**
OCT 0 8 2007
Martha Mitchell Clerk
_____ Dep. Clerk

23

Stewart & McGuffee Law Firm, PLLC
557 Grants Ferry Road
Brandon, MS 39047
Tel:    (601) 992-3003
Fax:   (601) 992-7727

Attorneys for Plaintiff



BENTON COUNTY

FILED

OCT 0 8 2007

*Martha Mitchell* Clerk
_____Dep. Clerk

24